# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NICHOLAS REEDER**, Executor of the **ESTATE OF JOSEPH R. REEDER**, Deceased<br>1703 Emmets Road<br>John's Island, SC 29455<br><br>and<br><br>**ROBERTA REEDER**<br>218 East Southern Avenue<br>Bucyrus, OH 44820<br><br>     Plaintiffs,<br><br>    vs.<br><br>**UNITED STATES OF AMERICA**<br>c/o United States Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>     Defendant. | Case No.<br><br>Judge<br><br>Magistrate Judge<br><br><br>JURY DEMAND ENDORSED HEREIN<br><br><br>AFFIDAVIT OF MERIT, ATTACHED |

## COMPLAINT

Now comes Plaintiffs Nicholas Reeder, Executor of the Estate of Joseph R. Reeder, deceased, and Roberta Reeder, by and through counsel, and for their causes of action state as follows:

### PRELIMINARY STATEMENT

1. This action is being brought against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680, as amended, for medical negligence and the wrongful death of Joseph R. Reeder and for loss of spousal companionship, society, consortium, services, and support by the surviving spouse, Roberta Reeder, arising out of the negligence of Defendant,

through the VA Northeast Ohio Healthcare System and the Louis Stokes Cleveland VA Medical Center (hereinafter referred to as "the VA") and the VA's employee, Craig R. George, M.D.

## JURISDICTION

2. Jurisdiction is proper in accordance with 28 U.S.C. §1346(b)(1) since Plaintiffs' claims arise out of a personal injury caused by the negligent or wrongful acts or omissions of an employee of the United States Government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

3. Pursuant to 28 U.S.C. §2675(a), Plaintiffs have exhausted administrative remedies prior to bringing the instant action. On March 19, 2018, Plaintiffs' administrative tort claim was received by the Office of General Counsel for the Department of Health & Human Services. More than six (6) months have elapsed since the administrative tort claim was filed and Plaintiffs have not received notice regarding the disposition of the administrative tort claim such that the claim is deemed to have been denied.

## VENUE

4. Venue is proper in the Eastern Division of this Court pursuant to 28 U.S.C. §1402(b) since one of the Plaintiffs resides in Crawford County, Ohio.

## SERVICE OF PROCESS

5. Service of process is permitted upon Defendant by virtue of Rule 4(i)(1) of the Federal Rules of Civil Procedure.

**PARTIES**

6. Until his death on January 14, 2019, the decedent Joseph R. Reeder (hereinafter referred to as "the decedent" or "Joseph Reeder") was a resident of 218 East Southern Avenue in the City of Bucyrus in Crawford County, Ohio.

7. Plaintiffs' decedent Joseph Reeder passed away on January 14, 2019, as a result of the injuries complained of herein.

8. At all times relevant herein and up until his death, Plaintiff Roberta Reeder was the spouse of Joseph Reeder and resided with him at 218 East Southern Avenue in the City of Bucyrus in Crawford County, Ohio. Plaintiff Roberta Reeder brings this action on her own behalf.

9. Plaintiff Nicholas Reeder was appointed Executor of the Estate of Joseph R. Reeder on January 22, 2019 by the Probate Court of Crawford County, Ohio in Case Number 00033462.

10. Plaintiff Nicholas Reeder brings this action on behalf of the Estate of Joseph R. Reeder.

11. Defendant United States of America is the federal government constituted by the United States Constitution.

12. The VA is an approved delivery site and was deemed an employee of the Public Health Service by the Department of Health and Human Services pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §233(a)-(n). Craig R. George, M.D. (hereinafter referred to as "Dr. George") was acting within the scope of his employment with the VA from April 20, 2016, onward with respect to the alleged treatment out of which this action arose.

## **COMMON ALLEGATIONS**

13. Plaintiffs' Decedent Joseph Reeder was a long-time patient of the VA Health System and relied solely on it for all his medical needs. On July 10, 2014, Joseph Reeder, a smoker, underwent a pulmonary function test to measure his lung capacity. The test revealed that he had normal lung volumes and lung function.

14. In April 2016, Joseph Reeder was scheduled to undergo pre-operative testing, in anticipation of carpal tunnel surgery. However, prior to the surgery, he developed a cough and elevated white blood cell count. Therefore, a chest x-ray was ordered to evaluate his lungs.

15. On April 20, 2016, Dr. Craig George, a radiologist employed by the VA, interpreted this chest x-ray, and did not note any signs of abnormality, other than chronic obstructive pulmonary disease.

16. In March 2017, Joseph Reeder was diagnosed with hepatitis C, unintentional weight loss, and anemia. He was scheduled for an upper endoscopy on August 22, 2017, but nothing was found to explain his weight loss and anemia.

17. On September 9, 2017, Joseph Reeder underwent a CT scan of his chest and his abdomen. Though the results of the CT of the abdomen were reported, the results of the chest CT were never reported.

18. In November 2017, primary care realized the chest CT scan report was never received. It was then found and was then read. It showed severe emphysema with extensive left hilar and mediastinal lymph adenopathy with a 22 mm left upper lobe nodule suspicious for primary pulmonary neoplasm.

19. A repeat chest CT scan, performed on November 22, 2017, showed extensive interval progression of the lung mass and lesions from the chest CT scan on September 9, 2017.

20. On December 19, 2017, an urgent PET scan was performed and showed primary and metastatic lung cancer. A lymph node biopsy on January 9, 2018 confirmed non-small cell lung cancer.

21. Joseph Reeder was diagnosed with stage IV, inoperable lung cancer. Because of the metastatic lung cancer, surgery was not an option for treatment, and immunotherapy and palliative treatment was started. Unfortunately, the treatment was unsuccessful, and Joseph Reeder died on January 14, 2019. He left behind his wife, Roberta Reeder, his daughter, Emily, and son, Nicholas, as well as his grandchildren.

### PLAINTIFFS' FIRST CAUSE OF ACTION
### [Medical Malpractice and Medical Negligence]

22. Plaintiffs incorporate by reference all statements and allegations contained in Paragraphs 1 through 21, as if fully rewritten in this First Cause of Action.

23. The physicians, nurses, and employees of the VA including, but not limited to, Dr. George fell below the accepted standard of care, skill and diligence for health care providers, and medical provider employees in Ohio or other similar communities in their care and treatment of Plaintiffs' decedent, Joseph Reeder. Specifically, Defendant, by and through the physicians, nurses, and employees of the VA including, but not limited to, Dr. George, failed to meet the accepted standard of care, skill, and diligence by: (1) failing to properly read the chest x-ray on April 20, 2016; (2) failing to timely and properly read the chest CT scan on September 9, 2017; (3) failing to promptly realize the chest CT scan on September 9, 2017 had not been timely read; (4) failing to provide a screening chest CT scan for a known smoker; and (5) failing to promptly recognize and investigate an unexplained weight loss. Defendant was negligent in other respects as well.

24. As a direct and proximate result of the aforementioned negligence and failures of Defendant, by and through the physicians, nurses, and employees of the VA including, but not limited to, Dr. George, Plaintiffs' decedent, Joseph Reeder, suffered a late and delayed diagnosis of lung cancer, which had already progressed to stage IV inoperable cancer, and required further medical intervention and procedures, and proximately caused his death on January 14, 2019.

25. The care and treatment rendered to Plaintiffs' decedent, Joseph Reeder, by Defendant through the physicians, nurses, and employees of the VA including, but not limited to, Dr. George, fell below the accepted standards of care, skill and diligence for physicians, nurses, administrators, advanced practice nurses, physician assistants, and other health care personnel, thus causing Defendant to breach the duty of care owed to the Plaintiffs' decedent, Joseph Reeder.

26. As a direct and proximate result of the failure of Defendant to discharge the duty of care owed to Plaintiffs' decedent, and Defendant's failure to meet the accepted standards of care, skill and diligence, Plaintiffs' decedent, Joseph Reeder, suffered physical pain, mental anguish, extreme emotional distress, lost wages, loss in earning capacity, loss of chance and continued to suffer until his death on January 14, 2019.

### PLAINTIFFS' SECOND CAUSE OF ACTION
### [Loss of Consortium]

27. Plaintiffs incorporate all statements and allegations contained in Paragraphs 1 through 26 as if fully rewritten in this Second Cause of Action.

28. At all relevant times hereto, Plaintiff Roberta Reeder was the lawful wife of Joseph Reeder.

29. By virtue of the conduct of Defendant through the physicians, nurses, and employees of the VA including, but not limited to, Dr. George, that caused the resulting injuries

to her husband, Plaintiff Roberta Reeder sustained a loss of society, companionship, services, attention, consortium, and care.

30. Plaintiff Roberta Reeder also sustained mental anguish and extreme emotional distress in connection with the treatment and care of her husband.

## PLAINTIFFS' THIRD CAUSE OF ACTION
### [Wrongful Death]

31. Plaintiffs incorporate by reference all statements and allegations contained in Paragraphs 1 through 30, as if fully rewritten in this Third Cause of Action.

32. Defendant, through the physicians, nurses, and employees of the VA including, but not limited to, Dr. George, fell below the accepted standard of care, skill and diligence for health care providers, and medical provider employees in Ohio or other similar communities in their care and treatment of Plaintiffs' decedent, Joseph Reeder. Specifically, Defendant, by and through the physicians, nurses, and employees of the VA including, but not limited to, Dr. George, failed to meet the accepted standard of care, skill, and diligence by: (1) failing to properly read the chest x-ray on April 20, 2016; (2) failing to timely and properly read the chest CT scan on September 9, 2017; (3) failing to promptly realize the chest CT scan on September 9, 2017 had not been timely read; (4) failing to provide a screening chest CT scan for a known smoker; and (5) failing to promptly recognize and investigate an unexplained weight loss. Defendant was negligent in other respects as well.

33. As a direct and proximate result of the failure of Defendant, by and through the physicians, nurses, and employees of the VA including, but not limited to, Dr. George, to meet accepted standards of skill, care, and diligence, Joseph Reeder died wrongfully on January 14, 2019.

34. As a direct and proximate result of the aforementioned failures and negligence of the Defendant by and through the physicians, nurses, and employees of the VA including, but not limited to, Dr. George, and the resulting death of the decedent, Joseph Reeder, his Estate incurred funeral expenses as well as other expenses.

35. As a further direct and proximate result of the aforementioned failures and negligence of Defendant by and through the physicians, nurses, and employees of the VA including, but not limited to, Dr. George, and the premature wrongful death of Joseph Reeder, his heirs including, but not limited to, his wife, Plaintiff Roberta Reeder, his son, and his daughter, as well as other next of kin, suffered severe mental anguish and emotional distress. In addition, his survivors lost the support, services, and prospective inheritance of Joseph Reeder. His survivors also lost the decedent's society, including loss of companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education. Joseph Reeder's survivors expect to suffer continued mental anguish, emotional distress and loss of support, services, and society, indefinitely into the future.

36. By virtue of the doctrine of *respondeat superior*, Defendant is and remains liable for the decedent's death.

## DEMAND

**WHEREFORE,** Plaintiffs demand judgment against Defendant and in favor of Plaintiffs for compensatory damages in an amount greater than Seventy-Five Thousand ($75,000.00), together with costs herein expended and such other and further relief as deemed appropriate.

Respectfully submitted,

/s/Daniel N. Abraham
Daniel N. Abraham (0023457)
**COLLEY SHROYER & ABRAHAM CO., LPA.**
536 South High Street, 2nd Floor
Columbus, OH 43215
614-228-6453
614-228-7122 (facsimile)
dabraham@csajustice.com
*Counsel for Plaintiffs*

## **JURY DEMAND**

Now come the Plaintiffs, by and through counsel, and demand that the within matter be tried by a jury of eight (8) on all issues herein.

/s/Daniel N. Abraham
Daniel N. Abraham (0023457)
*Counsel for Plaintiffs*